UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 12-266 |
| DON M. ANDREW, JR. | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is Defendant Don M. Andrew's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1] The Government opposes the motion.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

On October 4, 2012, Defendant Don M. Andrew, Jr., ("Andrew") was charged in a twenty-seven count indictment.[3] On December 4, 2014, Andrew pleaded guilty to Counts 1 through 16 of the Fourth Superseding Bill of Information.[4] Specifically, Andrew pleaded guilty to Conspiracy to Commit Arson (Count 1); Conspiracy to Commit Mail and Wire Fraud (Count 2); Mail Fraud (Counts 3–8); Wire Fraud (Counts 9–12); Arson (Counts 13 and 16); Use of Fire to Commit a Felony (Count 14); and Mail Fraud (Count 15).[5] On February 25, 2015, Andrew was sentenced to 240 months in prison pursuant to a Rule 11(c)(1)(C) plea agreement.[6]

---

[1] R. Doc. 329.
[2] R. Doc. 333.
[3] R. Doc. 1.
[4] R. Doc. 186.
[5] R. Doc. 181.
[6] R. Doc. 300.

1

Andrew filed a direct appeal with the Fifth Circuit.[7] On April 11, 2016, the Fifth Circuit affirmed the judgment of conviction on the grounds that Andrew's right to appeal was knowingly and voluntarily waived in his plea agreement.[8] On April 4, 2017, Andrew, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to Title 28, United States Code, Section 2255.[9] In his motion, Andrew asserts: (1) the evidence on the record is insufficient to support his conviction, and (2) his attorney pressured him to sign the plea agreement.[10]

In its Opposition, the Government argues Andrew's sufficiency of the evidence is not cognizable on § 2255 review because he waived his rights to collateral review in his plea agreement.[11] The Government also argues Andrew is procedurally barred from bringing a sufficiency of the evidence claim for the first time on collateral review, and that Andrew's sworn statements at his rearraignment and sentencing hearings refute his claims.[12]

## **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct the sentence.[13] Section 2255 identifies only four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the

---

[7] *United States v. Andrew*, 667 F. App'x 841 (5th Cir. 2016); R. Doc. 235.
[8] *Id.* at 336–37.
[9] R. Doc. 316.
[10] *Id.*
[11] R. Doc. 333.
[12] *Id.*
[13] 28 U.S.C. § 2255(a) (2008).

sentence is "otherwise subject to collateral attack."[14] A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid."[15]

As mandated by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must examine a Section 2255 motion promptly and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."[16] If the motion raises a non-frivolous claim to relief, the Court must order the Government to file a response or take other appropriate action.[17] Should the Court find that there is a need to expand the record, with good cause shown, limited discovery can be authorized.[18] After reviewing the Government's response and the record, the Court must determine whether an evidentiary hearing is warranted.[19] An evidentiary hearing need not be held if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[20] Furthermore, no evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of his allegations."[21]

As stated by Judge Vance in *Caston*:

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. For certain "structural" errors,

---

[14] *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).
[15] *United States v. Addonizio*, 442 U.S. 178, 185 (1979).
[16] Rules Governing Section 2255 4(b).
[17] *Id.*
[18] Rules Governing Section 2255 6–7.
[19] Rules Governing Section 2255 8.
[20] 28 U.S.C. § 2255(b).
[21] *United States v. Balderas*, 2014 WL 345287, at *2 (E.D. La. Jan. 27, 2014) (citing *United States v. Caston*, 2013 WL 3933400 (E.D. La. July 30, 2013); *United States v. Edward*, 443 F.3d 258, 264 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

relief follows automatically once the error is proved. For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence [his] or grant a new trial or correct the sentence as may be appropriate.[22]

## **LAW AND ANALYSIS**

Andrew moves to vacate, set aside, or correct his sentence on the grounds that (1) his conviction not supported by sufficient evidence, and (2) his counsel was ineffective and coerced Andrew into signing his plea agreement. Neither argument is meritorious.

### I.     **Sufficiency of the Evidence**

Andrew argues that he is actually innocent of the crimes to which he pleaded guilty.[23] In support of this argument, Andrew makes several uncorroborated assertions. In an affidavit attached to his motion, Andrew states that he was not at the location of the arson at the time in question, and accuses his co-defendants of lying as to his involvement in the criminal offenses.[24]

Andrew is unable to raise this argument in a § 2255 motion, however, because he waived his right to collateral review. So long as the waiver was knowing and voluntary, a defendant's "claims regarding the sufficiency of the government's evidence . . . are not valid grounds for relief under 28 U.S.C. 2255 after a guilty plea."[25]

Andrew's plea agreement states that he:

[w]aives and gives up his right to challenges his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2244 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal procedure, writs

---

[22] *Caston*, 2013 WL 3933400 at *2.
[23] R. Doc. 329.
[24] R. Doc. 329 at 5. Many of Andrew's allegations are made without factual context or reference to the record. Accordingly, it is difficult to assess the veracity of these allegations on their face.
[25] *United States v. Walker*, 2012 WL 4415357 (E.D. La. Sept. 24, 2012).

4

of coram nobis and audita querala, and any other collateral challenges to his sentence of any kind . . . [26]

At Andrew's rearraignment hearing, the Court engaged in an extensive colloquy to ensure that Andrew understood the consequences of his plea agreement. Andrew repeatedly affirmed that his waiver of his appeal rights was knowing and voluntary:

> THE COURT: Do you understand that under your plea agreement you have expressly waived your right a direct appeal as set forth in the plea agreement, but that you are not waiving your right to appeal a sentence imposed in excess of the statutory maximum?
> THE DEFENDANT: Yes, your Honor.
> THE COURT: Do you also understand that you can only bring a post conviction proceeding if you can show that ineffective assistance of counsel affected the validity of your guilty plea or your waiver of appeal and collateral challenge rights?
> THE DEFENDANT: Yes, your Honor.
> THE COURT: Has your attorney advise you of your appeal rights and the affect [sic] of waiving those rights?
> THE DEFENDANT: Yes, your Honor.
> THE COURT: Do you voluntarily agree to waive your appeal rights as set forth in the plea agreement?
> THE DEFENDANT: Yes, your Honor.

In denying Andrew's direct appeal, the Fifth Circuit found "the record reflects that Andrew knew that he had a right to appeal and that he was giving up that right; thus the waiver was knowing and voluntary."[27] Although the Fifth Circuit did not consider Andrew's collateral review waiver, the Court finds that the record is likewise clear. Contrary to Andrew's assertions, there is no indication that his plea agreement was not knowing and voluntary. Accordingly, his plea agreement bars his present motion under § 2255.

Even if Andrew had not waived his collateral rights, his claim alleging insufficient evidence is foreclosed by Fifth Circuit precedent. "A challenge to the sufficiency of the

---

[26] R. Doc. 187 at 3.
[27] *United States v. Andrew*, 667 F. App'x 841, 844 (5th Cir. 2016).

evidence is not cognizable in a § 2255 proceeding."[28] As a result, Andrew's claim challenging the evidentiary basis of his conviction is not cognizable in this proceeding.

## II. Ineffective Assistance of Counsel

The Fifth Circuit has explained that "[i]n a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof."[29] Further, to prove a valid claim for ineffective assistance of counsel, the petitioner must demonstrate both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As a result, Andrew must show that: (1) his counsel's performance was deficient and (2) his counsel's deficient performance prejudiced his defense.[30]

In *Strickland*, the Supreme Court explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.[31]

As a result, district courts should "indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy."[32] With respect to a habeas petition alleging ineffective performance at sentencing, the Fifth Circuit has explained that *Strickland*'s deficiency

---

[28] *United States v. Duffaut*, 2006 WL 2849853 (E.D. La. Sept. 29, 2006) (citing *Forrester v. United States*, 456 F.2d 905 (5th Cir. 1972)).
[29] *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994)).
[30] *See Strickland*, 466 U.S. at 687.
[31] *Id.* at 689.
[32] *Id.* (citation and internal quotation marks omitted).

prong is met when counsel fails to "research facts and law and raise meritorious arguments based on controlling precedent."[33]

With respect to the second prong of the *Strickland* test, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[34] To establish prejudice in a case involving a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[35]

In *Armstead v. Scott*, the Fifth Circuit explained that a petitioner must do more than merely allege prejudice: "[A] defendant must 'affirmatively prove' prejudice. A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of the *Strickland* test. A petitioner must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty, but would have insisted upon going to trial."[36]

As the Supreme Court explained in *Strickland*, if the Court finds that the petitioner has made an insufficient showing with respect to either of the two required prongs, the Court may dispose of the claim.[37] Further, the Supreme Court advised that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of insufficient prejudice, which we expect will often be so, that course should be followed."[38]

---

[33] *United States v. Fields*, 565 .3d 290, 296 (5th Cir. 2009) (citing *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).
[34] *Strickland*, 466 U.S. at 694.
[35] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
[36] 37 F.3d 202, 206 (5th Cir. 1994) (internal citations omitted).
[37] *Strickland*, 466 U.S. at 697.
[38] *Id.*

Andrew argues his attorney pressured him to accept the plea agreement, asserting, "[m]y attorney was pressing me to plea[d] guilty or they were going to give me 65 years."[39] Andrew also argues his attorney was unaware of certain witness statements.[40] However, Andrew's assertions contradict his sworn testimony during his plea hearing. The Fifth Circuit has held "[s]olemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings."[41] As a result, "[i]nmates who challenge their guilty pleas on collateral review must overcome [the] 'strong presumption of verity' accorded 'solemn declarations' made in open court."[42]

Andrew's sworn statements in court undermine the arguments asserted in his § 2255 motion. First, he stated that is attorney in no way pressured him to accept his plea agreement:[43]

> THE COURT: Have you been influenced, induced, or persuaded in any way to plead guilty because of any threats made by anyone?
> THE DEFENDANT: No, your honor.[44]

Further, he stated that he was satisfied with the performance of his attorney:

> THE COURT: Have you had sufficient time to discuss with your attorney the facts of your case and any possible defenses you have?
> THE DEFENDANT: Yes.
> THE COURT: Are you entirely satisfied with the advice and services of your attorney?
> THE DEFENDANT: Yes, I am.
> THE COURT: Do you wish to ask or have your attorney ask the U.S. Attorney any questions at this time about any of the things we have discussed?
> THE DEFENDANT: No.[45]

---

[39] R. Doc. 329-1 at 3.
[40] *Id.* Andrew's assertions related to ineffective counsel are vague and without context, so the precise nature of his claim is unclear.
[41] *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)) (internal quotation marks omitted).
[42] *Akpan v. United States*, No. 3:04-CR-36-L, 2013 WL 3289237, at *8 (N.D. Tex. June 28, 2013) (quoting *Blackledge*, 431 U.S. at 73–74 (1977)).
[43] *See* R. Doc. 276.
[44] R. Doc. 301 at 22.
[45] *Id.* at 27.

These in-court declarations contradict the uncorroborated assertions made in Andrew's § 2255 motion. Accordingly, Andrew has failed to meet his burden of proof under the *Strickland* standard.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Defendant Don M. Andrew, Jr.'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence[46] is **DENIED**.

**New Orleans, Louisiana, this 18th day of December, 2017.**

*(signed) Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[46] R. Doc. 316.